# CHARLESTON.

ROLLINS *v.* NATIONAL CASKET CO. *et al.*

Submitted January 31, 1895—Decided April 13, 1895.

BILL IN CHANCERY.
> Where a bill in chancery presents no substantial grounds for equitable interference, it is properly dismissed, as no errors committed by the court can be considered prejudicial to the plaintiff.

J. B. MENAGER for appellant.

H. R. HOWARD and L. C. SOMERVILLE for appellees, cited High Inj. §§ 114, 126, 130, 138, 1613; 83 Ind. 303; 6 Mont. 203; 17 W. Va. 474; 11 Gratt. 522; 2 Bart. L. Prac. 1072, note 1; Sto. Eq. Pl. §§ 75, 231, 236, 356, 369, 520; Calvert on Parties 77; Dan'l Ch. Pl. & Pr. 295, 299, 1,544, 1,676; Mit. Pl. 186, 57 s. p., note 2; Bart. Ch. Pr. 466; Code, c. 127, s. 2; 1 H. & M. 7; 11 W. Va. 694; 6 W. Va. 107, 108; 29 W. Va. 795; 12 W. Va. 668; 29 W. Va. 817.

DENT, JUDGE:

On the 19th day of September, 1893, the Circuit Court of Mason county entered an order dissolving an injunction

theretofore granted, and dismissing the bill in chancery filed by W. A. Rollins against the National Casket Company and others, from which order plaintiff appeals, and assigns the following errors, to wit:

"*First.* The court erred in rendering a final decree in the case, after the death of Jerry O'Connor had been suggested on the record, without reviving in the name of the personal representative of said decedent.

"*Second.* The court erred in entering a decree dissolving the injunction and dismissing the bill on the answer of E. J. Tippett, who, as appears from her own answer, was not a member of the firm of O'Connor & Tippett, and hence could know nothing of the matters involved in this suit; and, as no other defendants answered the bill, the same was taken for confessed as to the real and true defendants.

"*Third.* The court erred in overruling the objections to the answer of E. J. Tippett.

"*Fourth.* The court erred in overruling the plaintiff's motion for a continuance.

"*Fifth.* The court erred in not sustaining the plaintiff's exceptions to the reading of defendant's depositions taken during the sitting of the court.

"*Sixth.* The court erred in not perpetuating plaintiff's injunction, as none of the real parties in interest answered the bill, the answer of E. J. Tippett showing of itself that she was no such party in interest as to be able to deny the allegations of plaintiff's bill; and, if she were, her denial is too general to put the plaintiff on proof of his bill, as such general denial was excepted to."

The facts are as follows: E. Beller purchased a bill of goods of a firm known as O'Connor & Tippett, consisting of household and kitchen furniture, for the price of which he executed a note to said firm, calling for the sum of one hundred and fifty dollars, and a deed of trust on the furniture to George W. Tippett, trustee, to secure the payment of the note. That to prevent a sale of this property, already advertised, under said deed of trust, the said Beller executed a note negotiable and payable at the Merchants' Bank of West Virginia, at Point Pleasant, for the sum of one hun-

dred and twenty six dollars, being the balance due on the first note aforesaid, and the plaintiff, by endorsement thereon, transferred the same to O'Connor & Tippett to be used as collateral security for the first note. O'Connor & Tippett transferred the one hundred and twenty six dollar note to the National Casket Company. After it became due, it was presented, and protested for non-payment.

The bill alleges as grounds of equitable interference that the National Casket Company, being about to enter suit against the plaintiff and said Beller on said note, said company and the firm of O'Connor & Tippett agreed that if plaintiff would waive service of summons and suffer judgment to be taken on said note, they would turn over and deliver to him the one hundred and fifty dollar note, and the benefits of the trust deed; that by reason of such agreement plaintiff suffered judgment to be taken for one hundred and twenty eight dollars and nineteen cents principal, interest and protest, and two dollars and sixty cents costs; that after said judgment was taken, said parties refused to comply with their agreement, and deliver up said note, and permitted the property included in the trust deed to be sold, lost, and wasted—all which he alleges was done to deceive and defraud him; and therefore he prays that said judgment may be set aside, and held for naught, and that the defendants may be perpetually enjoined from collecting the same.

The first question that presents itself is whether the bill presents any true grounds for equitable interference as against the judgment and the defendants O'Connor & Tippett or the National Casket Company. If it does not, then the errors committed, if any, are not prejudicial to the plaintiff, and he has suffered no injury thereby.

The refusal to deliver the note in compliance with the contract furnishes no good reason for setting aside or enjoining the judgment, as equity always considers that done which ought to be done, and that the note, by the agreement to transfer, became the property of the plaintiff, and that the defendants had it simply as trustees for his benefit.

As to the property, there is no pretense that the plaintiff ever directed the trustee to sell or take possession thereof,

.or that the defendants in any manner prevented or hindered him from doing so. If the note was his, as he claims, it be-came his duty to take possession of and sell the property; and the mere fact that the defendants O'Connor & Tippett and the National Casket Company remained quiet about the matter without request on his part gives him no grounds of equity against them on the judgment.

The bill does not charge that they were guilty of overt acts of unjustifiable interference, but that they permitted the property to be sold, lost, and wasted. So did the plain-tiff; at least he does not pretend that he made any effort to prevent it. If the note had been the property of the National Casket Company, and they had refused to enforce the trust as a security for it, but had granted time to the principal debtor, with permission to dispose of the trust property without the consent of the plaintiff, then, by reason of his being merely a surety, he would have been released from the payment of the debt. But, so far as the case shows, the Na-tional Casket Company was an innocent holder for value of the negotiable note on which the judgment was taken, and had nothing to do in any way with the loss of the trust pro-perty.

Hence the plaintiff's clamor is wholly without foundation, and the decree of the Circuit Court is affirmed.

---

# CHARLESTON.

Submitted January 31, 1895—Decided April 13, 1895.